UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| FAITH C. SIMMONS, individually and on behalf of a class of similarly situated individuals, | ) ) ) |
| | ) Case No. |
| Plaintiff, | ) ) CLASS ACTION |
| v. | ) ) JURY TRIAL REQUESTED |
| BROCK & SCOTT, PLLC, | ) ) |
| Defendant. | ) ) |

## COMPLAINT

1. This is an action for damages arising under 15 U.S.C. § 1692 et seq., The Fair Debt Collection Practices Act ("FDCPA") which prohibits, inter alia, a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). The FDCPA is a federal statute. Venue here is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred here.

## PARTIES

3.     Plaintiff, Faith C. Simmons ("Plaintiff"), is a natural person who, at all times relevant to this action, was a resident of Fayette County, Georgia.

4.     Plaintiff, as more fully described herein, is allegedly obligated to pay a personal or household debt to Old Republic Insurance Company and is therefore a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

5.     Defendant, Brock & Scott, PLLC ("Defendant"), is a North Carolina professional limited liability company whose principal office is located at 4550 Country Club Road, Winston-Salem, NC 27104 and whose registered agent for service of process in the State of Georgia is CT Corporation System, 1201 Peachtree St., NE, Atlanta, GA 30361.

6.      Defendant is a law firm that regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7.     This action arises from Defendant's attempt to collect from Plaintiff an allegedly delinquent household or personal debt allegedly owed to Old Republic Insurance Company.

8. In furtherance thereof, Defendant, as of the filing of this action, is representing Old Republic Insurance Company in a collection lawsuit filed in the State Court of Fayette County, case number 2016-SV-0004.

9. In order to obtain a judgment against Plaintiff, and thus, to effect collection of the debt, Defendant, on August 17, 2016, mailed to the Fayette County Clerk's office a Motion for Summary Judgment with supporting documents (collectively, the "Summary Judgment Motion") to be filed in the Fayette County action.

10. Included with the Defendant's Summary Judgement Motion was a Certificate of Service (the "Certificate of Service") in which Defendant certified that it served Plaintiff with the Summary Judgment Motion by first-class mail on *August 17, 2016*.

11. Based on a service date of August 17, 2016, the deadline to respond to the Summary Judgment Motion was September 19, 2016, 33 days after the service date.

12. Despite certifying to Plaintiff and the Court that Plaintiff was served with the Summary Judgment Motion on August 17, 2016, Plaintiff did not receive it until *September 6, 2016— 20* days after the date that Defendant certified it was mailed. Moreover, the envelope transmitting the Summary Judgment Motion was

postmarked *August 30, 2016 — 13* days after the date that Defendant certified it was mailed.

13. Contrary to its Certificate of Service, and in an effort to deprive Plaintiff of her rights as a consumer and a litigant, Defendant withheld mailing Plaintiff a copy of the Summary Judgment Motion until August 30, 2016, leaving Plaintiff only 13 days to respond to Defendant's Motion for Summary Judgment.

## THE FDCPA

14. The purpose of the FDCPA is to "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 924 (11th Cir. 1997).

15. The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" as well as the use of "unfair or unconscionable" means of collection. 15 U.S.C. §§ 1692(e) and 1692f. The FDCPA does not ordinarily require proof of intentional violation and, as a result, is described by some as a strict liability

statute. *See* 15 U.S.C. § 1692k. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010).

16. In *Heintz v. Jenkins*, the Supreme Court expressly held that the FDCPA "applies to the litigating activities of [debt-collector] lawyers." *Miljkovic v. Shafritz and Dinkin, PA*, No. 14-13715 (11th Cir. June 30, 2015).

17. A single violation of an FDCPA provision is sufficient to establish civil liability. *Owen v. IC System, Inc.*, 629 F.3d 1263 (11th Cir. 2011) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993)).

18. The FDCPA also provides that "any debt collector who fails to comply with any provision of th[e][Act] with respect to any person is liable to such person." 15 U.S.C. § 1692k(a). Successful plaintiffs are entitled to "actual damage[s]," plus costs and "a reasonable attorney's fee as determined by the court." A court may also award "additional damages," subject to a statutory cap of $1,000 for individual actions, or, for class actions, "the lesser of $500,000 or 1 per centum of the net worth of the debt collector." § 1692k(a)(2). *Jerman v. Carlisle, McNellie, Rini, Kramer*, 130 S. Ct. 1605, 1609, 559 U.S. 573, 176 L. Ed. 2d 519 (2010).

# COUNT I
False Representation in Connection
With Debt Collection Activities
(Ref. 15 U.S.C. § 1692e)

19. Plaintiff incorporates the paragraphs 1-18 as if fully set forth herein.

20. Section 1692e prohibits "false, deceptive, or misleading" behavior, including using "false representation or deceptive means to collect or attempt to collect any debt." *Bishop v. Ross Earle & Bonan, PA*, 817 F.3d 1268 (11th Cir. 2016).

21. By, falsely certifying the date of service on the Certificate of Service, then subsequently withholding mailing of the Summary Judgment motion— the effect of which was to deprive Plaintiff of her rights as a consumer and a litigant under Georgia law[1]— Defendant engaged in activity that amounts to abusive collection activity arising from and related to consumer debt collection in specific violation of 15 U.S.C. § 1692e.

22. Plaintiff suffered damages as a direct and proximate result of said abusive collection activity. As consequence, Plaintiff is entitled to recover statutory damages, attorney's fees, and costs of court from Defendant in an amount to be determined at trial.

---

[1] Plaintiff was deprived of nearly three weeks of the statutory 33 days in which to respond to the Motion for Summary Judgment.

**COUNT II**
Abusive, Unfair, or Unconscionable
Means in Connection with Debt
Collection Activities
(Ref. 15 U.S.C. § 1692f)

23. Plaintiff incorporates the paragraphs 1-18 as if fully set forth herein.

24. Section 1692f prohibits unfair or unconscionable means of collection. *Bradley v. Franklin Collection Service, Inc.*, 739 F.3d 606, 610 (11th Cir. 2014).

25. By, falsely certifying the date of service on the Certificate of Service, then subsequently withholding mailing of the Summary Judgment motion— in an effort to gain an unfair advantage over Plaintiff in the Fayette County action, Defendant engaged in conduct contrary to the underlying purpose of the FDCPA. See *Rowan v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 14 CV 08923 (N.D. Ill. Oct. 8, 2015). (the basic premise of the FDCPA is to protect unsophisticated debtors from debt collectors who may use the legal system, about which the consumer has little knowledge, to gain an unfair advantage).

26. Plaintiff suffered damages as a direct and proximate result of said abusive collection activity. As consequence, Plaintiff is entitled to recover statutory damages, attorney's fees, and costs of court from Defendant in an amount to be determined at trial.

## CLASS ALLEGATIONS

27. Defendant's false, deceptive, misleading, and unfair practice relating to the withholding of service of court papers is, upon information and belief, the result of a firm-wide policy and practice aimed at gaining an unfair advantage in litigation by essentially "ambushing" consumers with dispositive motions in hopes of preventing timely and substantive responses.

28. Accordingly, Plaintiff brings this action on behalf of a class of similarly situated individuals, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3).

29. The class consists of all consumers in the state of Georgia who, within the year prior to the filing of this action, were served a motion for summary judgment by Defendant, Brock & Scott, PLLC, in a debt collection action wherein the motion was actually mailed on a date later than that stated on the accompanying certificate of service.

30. Upon information and belief, the identities of all class members are readily ascertainable from Defendant's records since it is believed that Defendant has records of its certificate of services for summary judgment motions as well as records of when the summary judgment motion is actually mailed.

31. **Numerosity.** Plaintiff is informed and believes, and on that basis alleges that the Plaintiff Class described above is so numerous that joinder of all members would be impracticable. On information and belief, there are at least 40 members of the class.

32. **Common Questions Predominate.** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether Defendant is engaged in the practice of withholding the mailing of dispositive motions as described herein, and whether such conduct is violative of the FDCPA.

33. **Typicality.** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of Defendant's common uniform course of conduct complained of herein.

34. **Adequacy.** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer litigation. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

35. **Superiority.** The FDCPA explicitly permits class action suits. *Jerman,* at 1631. A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

36. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment in favor Plaintiff and the class and against the Defendant for:

(1) An order certifying that action may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above;

(2) An award of statutory damages for Faith C. Simmons and the Plaintiff Class pursuant to 15 U.S.C. §1692k;

(2) Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C. § 1692k; and

(3) Such other and further relief as the Court deems proper.

## JURY TRIAL REQUEST

Plaintiff requests a trial by jury on all issues so triable.

Dated:  Atlanta, Georgia
　　　　January 4, 2017

　　　　　　　　　　　　/s/ Shimshon Wexler

　　　　　　　　　　　　THE LAW OFFICES OF SHIMSHON WEXLER, P.C.
　　　　　　　　　　　　315 W Ponce de Leon Ave. Suite 250
　　　　　　　　　　　　Decatur, GA 30030
　　　　　　　　　　　　Telephone: (212) 760-2400
　　　　　　　　　　　　Facsimile:  (917) 512-6132
　　　　　　　　　　　　E-Mail: swexleresq@gmail.com