IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| FAITH C. SIMMONS, individually and on behalf of a class of similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> BROCK & SCOTT, PLLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION FILE NO. <br> ) 1:17-cv-0036-TWT-AJB <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT'S ANSWER TO COMPLAINT

COMES NOW, Brock & Scott, PLLC, Defendant in the above-referenced action (hereinafter "Defendant"), and files this Answer in response to the Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND DEFENSE

Any act or omission by Defendant, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, was not intentional and was the result of a *bona fide* error notwithstanding the maintenance

- 1 -

of procedures reasonably adapted to avoid any such error.  Accordingly, Defendant would have no liability pursuant to 15 U.S.C. § 1692k(c).

### THIRD DEFENSE

Plaintiff has not been damaged; therefore, Plaintiff may not recover against this Defendant.

### FOURTH DEFENSE

Plaintiff's claims are or may be subject to an arbitration agreement requiring her to submit her claims to mandatory and binding arbitration. If so, Defendant will exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et. seq.*

### FIFTH DEFENSE

Plaintiff lacks standing.

### SIXTH DEFENSE

Subject to the foregoing defenses and without waiving same, Defendant responds to the individually numbered paragraphs of Plaintiff's complaint as follows:

1. Defendant admits that Plaintiff attempts to assert claims under the FDCPA.  Defendant denies it violated the FDCPA.  The remaining statements contained in Paragraph 1 of the Plaintiff's Complaint relate to a legal conclusion to which Defendant is under no known obligation to respond.  To the extent any response

is required; Defendant denies that Plaintiff has accurately and/or completely quoted the law.

## JURISDICTION AND VENUE

2. Defendant admits that this Court typically has subject matter jurisdiction over FDCPA claims. Defendant admits that the FDCPA is a federal statute. Defendant admits that venue is proper.

## PARTIES

3. Defendant admits the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4. Defendant admits that Plaintiff owes an unpaid account to Old Republic Insurance Company. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6. Defendant admits it is a law firm that collector or attempts to collect unpaid accounts due to another. Defendant admits in certain circumstances it may be considered a "debt collector" under the FDCPA.

## **FACTUAL ALLEGATIONS**

7. Defendant admits that Plaintiff owes an unpaid account to Old Republic Insurance Company.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 7 of the Plaintiff's Complaint.

8. Defendant admits that it is representing Old Republic Insurance Company in a lawsuit pending in the State Court of Fayette County, case number 2016-SV-0004 ("State Court Action").  Defendant admits that the lawsuit is an attempt to collect an unpaid account from Plaintiff.

9. Defendant admits that in August 2016 Defendant mailed to the Clerk of the State Court of Fayette County a Motion for Summary Judgment with supporting documentation in the State Court Action.  Defendant admits that its motion sought judgment against Plaintiff in the State Court Action.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10. Defendant admits that the Motion for Summary Judgment in the State Court Action contained a certificate of service dated August 17, 2016.

11. The statements contained in Paragraph 11 of the Plaintiff's Complaint relate to a legal conclusion to which Defendant is under no known obligation to respond.

To the extent that any response is required; Defendant admits that 33 days after August 17, 2016 is September 19, 2016.

12. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

## **THE FDCPA**

14. The statements contained in Paragraph 14 of the Plaintiff's Complaint relate to a legal conclusion to which Defendant is under no known obligation to respond. To the extent any response is required; Defendant denies that Plaintiff has accurately and/or completely quoted the law.

15. The statements contained in Paragraph 15 of the Plaintiff's Complaint relate to a legal conclusion to which Defendant is under no known obligation to respond. To the extent any response is required; Defendant denies that Plaintiff has accurately and/or completely quoted the law.

16. The statements contained in Paragraph 16 of the Plaintiff's Complaint relate to a legal conclusion to which Defendant is under no known obligation to respond. To the extent any response is required; Defendant denies that Plaintiff has accurately and/or completely quoted the law.

17. The statements contained in Paragraph 17 of the Plaintiff's Complaint relate to a legal conclusion to which Defendant is under no known obligation to respond. To the extent any response is required; Defendant denies that Plaintiff has accurately and/or completely quoted the law.

18. The statements contained in Paragraph 18 of the Plaintiff's Complaint relate to a legal conclusion to which Defendant is under no known obligation to respond. To the extent any response is required; Defendant denies that Plaintiff has accurately and/or completely quoted the law.

## COUNT I
## False Representation in Connection With Debt Collection Activities
## (Ref. 15 U.S.C. § 1692e)

19. Defendant incorporates by reference the above paragraphs of this Answer as if fully stated therein.

20. The statements contained in Paragraph 20 of the Plaintiff's Complaint relate to a legal conclusion to which Defendant is under no known obligation to respond. To the extent any response is required; Defendant denies that Plaintiff has accurately and/or completely quoted the law.

21. Defendant denies the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Plaintiff's Complaint.

## COUNT II
## Abusive, Unfair or Unconscionable
## Means in Connection with Debt
## Collection Activities (Ref. 15 U.S.C. § 1692f)

23. Defendant incorporates by reference the above paragraphs of this Answer as if fully stated therein.

24. The statements contained in Paragraph 24 of the Plaintiff's Complaint relate to a legal conclusion to which Defendant is under no known obligation to respond. To the extent any response is required; Defendant denies that Plaintiff has accurately and/or completely quoted the law.

25. Defendant denies the allegations contained in Paragraph 25 of the Plaintiff's Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

## CLASS ALLEGATIONS

27. Defendant denies the allegations contained in Paragraph 27 of the Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Plaintiff's Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Plaintiff's Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Plaintiff's Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Plaintiff's Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Plaintiff's Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Plaintiff's Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Plaintiff's Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Plaintiff's Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Plaintiff's Complaint.

37. Defendant denies all remaining allegations contained in Plaintiff's Complaint not specifically admitted herein.

WHEREFORE, Defendant prays that Defendant be dismissed with prejudice; that judgment be granted to Defendant and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as the Court deems just and proper.

Respectfully submitted this 30th day of January 2017.

**BEDARD LAW GROUP, PC**

/s/ Jonathan K. Aust
Jonathan K. Aust
Georgia Bar No. 448584
John H. Bedard, Jr.
Georgia Bar No. 043473
*Counsel for Defendant*

2810 Peachtree Industrial Blvd.,
Suite D
Duluth, Georgia 30097
Telephone: (678) 253-1871
jaust@bedardlawgroup.com
jbedard@bedardlawgroup.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| FAITH C. SIMMONS, individually and on behalf of a class of similarly situated individuals, ) ) ) ) ) Plaintiff, ) ) v. ) ) BROCK & SCOTT, PLLC, ) ) Defendants. ) ) | CIVIL ACTION FILE NO. 1:17-cv-0036-TWT-AJB |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed Defendant's Answer using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

Shimshon Wexler
swexleresq@gmail.com

Respectfully submitted this 30th day of January 2017.

**BEDARD LAW GROUP, PC**

/s/ Jonathan K. Aust
Jonathan K. Aust
Georgia Bar No. 448584
John H. Bedard, Jr.
Georgia Bar No. 043473
*Counsel for Defendant*