IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| FAITH C. SIMMONS, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. 1:17-cv-0036-TWT-AJB |
| BROCK & SCOTT, PLLC, | ) ) | |
| Defendants. | ) ) | |

**BRIEF IN SUPPORT OF DEFENDANT'S AMENDED MOTION TO STAY PENDING A RULING ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Brock & Scott, PLLC ("B&S") submits this Brief in support of its Amended Motion to Stay pending a ruling on Defendant's Motion for Judgment on the Pleadings and shows this Court as follows:

**PROCEDURAL HISTORY**

Plaintiff Faith C. Simmons ("Simmons") filed her two-count class action Complaint on January 4, 2017. [Doc. 1]. She alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* by including a false statement in a certificate of service in an underlying state court collection action. [Doc. 2]  B&S filed its answer on January 30, 2017 denying any

- 1 -

liability. [Doc. 4]. Based on the answer date, discovery commenced on March 1, 2017.

The Parties filed their Joint Preliminary Report and Discovery Plan ("Report") on February 28, 2017. [Doc. 7]  In the Report Defendant notified this Court and Plaintiff of its intention on filing a motion for judgment to the pleadings and a motion stay discovery pending the ruling on the dispositive motion. [Doc. 7, pg. 7].

On February 27, 2017, Simmons filed her Motion for Class Certification. [Doc. 6]  B&S's deadline to respond is Monday, March 13, 2017. On March 1, 2017, Plaintiff served her first set of discovery on Defendant. B&S's deadline to respond to discovery is April 3, 2017.

On March 8, 2017, B&S filed a Motion for Judgment on the Pleadings [Doc. 11] and a Motion to Stay [Doc. 12] pending a ruling on the dispositive motion. On March 10, 2017, this Court denied the Motion to Stay without prejudice because the motion failed to state whether Plaintiff opposed the motion. On March 7, 2017 the undersigned informed Plaintiff's counsel that B&S intended to file a Motion for Judgment on the Pleadings and a Motion to Stay. The undersigned asked if Plaintiff would be willing to consent to the stay. Plaintiff's counsel responded the same date that he would advise his client to oppose the motion.

## ARGUMENT AND CITATION OF AUTHORITY

This Court has held that "[c]ourts have the inherent power to control their own dockets, including the power to stay proceedings" *Tomco Equip. 2 v. Southeastern Agri-Systems,* 524 F. Supp. 2d 1303, 1307 (N.D. Ga. 2008).  This Court's local rules specifically provide that it has discretion to lengthen or shorten the discovery period.  L.R. 26.2(B).  When deciding a motion to stay courts generally consider three factors:

1. Whether a stay would unduly prejudice or present a tactical disadvantage to the nonmovant,
2. Whether a stay will simplify the issue in the case; and
3. Whether discovery is complete and a trial date has been set.

*Tomco,* 524 F. Supp. 2d at 1307.  Each of these factors weighs in favor of staying this case pending the Court's ruling on B&S's dispositive motion.

### I.  The Stay Would Not Prejudice Or Disadvantage Simmons.

B&S filed a Motion for Judgment on the Pleadings attacking the sufficiency of Simmons's factual allegations.  Although filed as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), the standard for such a motion is the same as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *Astral Health & Beauty, Inc. v. Aloette of Mid-Mississippi, Inc.*, 895 F. Supp. 2d 1280, 1282 (N.D. Ga. 2012).  The Eleventh Circuit has held that dispositive motions attacking the sufficiency of

allegations should be decided before discovery begins. *Chudasama v. Mazda Motor Corp.*, 123 F. 3d 1353, 1367 (11th Cir. 1997). The Eleventh Circuit stated that:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on a failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be false. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

*Id*. (citations omitted). The Eleventh Circuit recognized that discovery imposes a great cost not only to the party responding to discovery but also on the party requesting discovery. *Id*. Courts are also burdened when parties conduct discovery and they must divert resources to resolve discovery disputes. *Id*. at 1367-1368. Furthermore, delaying a ruling on a dispositive motion could potentially encourage abusive discovery. *Id*. at 1368. Based on those reasons, a dispositive motion should be decided prior to discovery to avoid these potential harms.

Simmons would not be prejudiced or otherwise at a disadvantage if the case is stayed pending a ruling on B&S's Motion for Judgment on the Pleadings. It is in the best interests of all parties to stay this case. This would conserve the Parties and Courts resources and would also prevent the burden and expense of conducting discovery on issues that might be dismissed. If B&S's dispositive motion is granted in its entirety there would be no need to conduct any discovery. Even if

the motion is granted in part and denied it part then the areas for discovery, for both parties, will be narrowed and move forward for efficiently.  Lastly, the stay would not impact Simmons's ability to respond to B&S's dispositive motion.  B&S attacks the sufficiency of Simmons's factual allegation.  She does not need any discovery in order to respond.

## II.    The Stay Will Simplify The Issues.

A stay would simplify this case for two reasons: 1) a ruling could potentially dismiss the entire case, and 2) a ruling could potentially dismiss some of the claims.  If the Court grants B&S's dispositive motion in its entirety then the case is fully resolved.  There will be no need to conduct any discovery since the entire case would be dismissed.

If B&S's dispositive is granted in part and denied it part it would limit the focus of the case.  Simmons alleges two claims under the FDCPA - one for use alleged false, deceptive or misleading representations to collect a debt and one for the use of unfair or unconscionable means used to collect a debt. By dismissing one of the two claims this would limit the scope of discovery.

## III.    Discovery Is Not Complete And A Trial Date Has Not Been Set.

This Motion was filed only eight (8) days into the discovery period.  There are almost four (4) months left of the discovery period.  Therefore, discovery is not even close to be completed.  B&S requests the stay to avoid the costs on both

parties and this Court on conducting discovery on a case which could be dismissed based on the sufficiency of the Complaint.

<u>Font Certification</u>

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this brief has been prepared using Times New Roman 14 point font.

Respectfully submitted this 13th day of March 2017.

**BEDARD LAW GROUP, PC**

<u>/s/ Jonathan K. Aust</u>
Jonathan K. Aust
Georgia Bar No. 448584
John H. Bedard, Jr.
Georgia Bar No. 043473
*Counsel for Defendant*

2810 Peachtree Industrial Blvd.,
Suite D
Duluth, Georgia 30097
Telephone: (678) 253-1871
jaust@bedardlawgroup.com
jbedard@bedardlawgroup.com